Eric M. Schmitz, Plaintiff-Appellant-Petitioner,

v.

Firstar Bank Milwaukee, Defendant-Respondent,

Putnam Mutual Funds Corporation, Putnam Investments, Northern Trust Company, Fortis Investors, Inc., and Putnam Fiduciary Trust Company, Defendants.

Supreme Court

*No. 01–2139. Decided July 1, 2003*

2003 WI 83

(Also reported in 664 N.W.2d 594.)

¶ 1. PER CURIAM (*on motion for reconsideration*). Firstar Bank moves the court to reconsider ¶ 35 of its opinion in *Schmitz v. Firstar Bank Milwaukee,* 2003 WI 21, 260 Wis. 2d 24, 658 N.W.2d 442, asserting that a portion of the language is unnecessary to the holding and contrary to the law of commercial banking in the State of Wisconsin. Firstar Bank does not ask the court to reconsider its holding.

¶ 2.   Paragraph 35 of the *Schmitz* opinion reads as follows:

> While it appears clear that accepting a check when the payee's endorsement is missing is not in accordance with the reasonable commercial standards of banking and that the acceptance by a depositary bank of such a check for deposit is commercially unreasonable as a matter of law,[1] there is far less case law addressing who constitutes the payee when a check is made out to an individual in the care of an investment company.[2]

[1] *See, e.g., Mid-Atl. Tennis Courts, Inc. v. Citizens Bank & Trust Co. of Md.,* 658 F. Supp. 140, 142–43 (D. Md. 1987); *Great Am. Ins. Cos. v. Am. State Bank of Dickinson,* 385 N.W.2d 460, 463 (N.D. 1986); *see also* Ronald A. Anderson, 6A *Uniform Commercial Code* § 3–419:72, at 95 (1998); William D. Hawkland & Lary Lawrence, 4 *Uniform Commercial Code Series* § 3–419:5, at Art. 3–912–16.

[2] *But see Geraldo v. First Dominican Mut. Life Ins. Co.,* 2002 WL 31002770, ¶ 41 (Ohio App. 2002) (unpublished opinion).

Accordingly, we remand the issue of liability on the larger Putnam check to the circuit court for further proceedings.

¶ 3. Firstar Bank asserts that under Wis. Stat. § 404.205 (U.C.C. § 4–205), accepting checks without an endorsement is not only in compliance with reasonable commercial standards but it is standard practice. Furthermore, according to Firstar Bank, accepting checks without an endorsement is commercially reasonable as a matter of law.

¶ 4. Firstar Bank explains that Wis. Stat. § 404.205, as it currently reads, permits a depositary bank to accept a check for deposit with a missing endorsement under "lock-box" agreements with customers who receive a high volume of checks. Section 404.205, effective August 1, 1996, reads as follows:

> Depositary bank holder of unendorsed item.
>
> If a customer delivers an item to a depositary bank for collection, all of the following apply:
>
> (1) The depositary bank becomes a holder of the item at the time that it receives the item for collection if the customer at the time of delivery was a holder of the item, whether or not the customer endorses the item, and, if the bank satisfies the other requirements of s. 403.302, it is a holder in due course.
>
> (2) The depositary bank warrants to collecting banks, the payer bank or other payer and the drawer that the amount of the item was paid to the customer or deposited to the customer's account.

Firstar Bank explains that the statute is designed to speed up collections by eliminating any need to return

to a non-bank depositor any items he may have failed to endorse and argues that ¶ 35 of the *Schmitz* opinion "has the potential to impact banks considering that many businesses now use lock-box arrangements under which checks are mailed directly to the depositary bank for deposit without the endorsement of the *payee* as provided in Wis. Stat. § 404.205" (emphasis added).

¶ 5. Eric M. Schmitz, the plaintiff, responds that Firstar Bank's argument is incorrect and misplaced. The plaintiff notes that the current version of Wis. Stat. § 404.205 was not in effect at the time the larger Putnam check was deposited by Georgetown Financial.[3] Nevertheless, argues the plaintiff, under either version of the statute, Firstar Bank is still incorrect.

¶ 6. The plaintiff argues that under the prior statute, the payee was the plaintiff Schmitz, not Firstar Bank's customer Georgetown Financial, and that Firstar Bank could supply only the endorsement of its customer. Under the newer version of § 404.205, the plaintiff explains that a depositary bank may supply a missing endorsement only where the "customer" is a "holder" as defined in Wis. Stat. § 401.201 with respect to the negotiable instrument, and that in the present case, Georgetown Financial never became a holder

---

[3] The version of Wis. Stat. § 404.205 (1993–94) that was in effect in July, 1996, when the transaction involving the larger Putnam check took place reads as follows:

Supplying missing indorsement; no notice from prior indorsement.

(1) A depositary bank which has taken an item for collection may supply any indorsement of the customer which is necessary to title unless the item contains the words "payee's indorsement required" or the like. In the absence of such a requirement a statement placed on the item by the depositary bank to the effect that the item was deposited by a customer or credited to the customer's account is effective as the customer's endorsement.

because the check was payable to Schmitz, not Georgetown Financial and it was never endorsed over to Georgetown Financial.

¶ 7. We conclude that the general rule is as stated in ¶ 35 of the *Schmitz* opinion. Accepting a check when the payee's endorsement is missing is not in accordance with the reasonable commercial standards of banking and the acceptance by a depositary bank of such a check for deposit is commercially unreasonable as a matter of law. Either version of Wis. Stat. § 404.205 excepts from the general rule depositary banks that receive unendorsed checks from customers when the missing endorsement is that of the customer.[4] Thus, the *Schmitz* opinion remanded to the circuit court the determination of who constitutes the payee when a check is made out to an individual in the care of an investment company.[5]

¶ 8. For the foregoing reasons, the motion for reconsideration is denied without costs.

*By the Court.*—The motion for reconsideration is denied without costs.

---

[4] "If there is a break in the chain of indorsements prior to the customer of the bank, the bank cannot add the indorsement that is missing in order to cure the break." Ronald A. Anderson, 6C *Uniform Commercial Code* § 4–205:4, at 34 (1998) (citing *Perini Corp. v. First Nat'l Bank of Habersham County,* 553 F.2d 398 (5th Cir. 1977) (applying Georgia law)).

[5] *See Lewis v. Tel. Employees Credit Union,* 87 F.3d 1537, 1555 (9th Cir. 1996) ("The depository bank, however, may not supply the indorsement of just any customer. For a supplied indorsement to be effective under [the equivalent U.C.C. provision], the payee of the check and the customer in whose account the check is deposited must be one and the same.").

¶ 9.   WILLIAM A. BABLITCH and JON P. WILCOX, JJ., did not participate.